IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE,

        Petitioner,                  No. 2:11-cv-0533 KJN P

    vs.

JIM SCOTT,                            <u>ORDER AND</u>

        Respondent.          <u>ORDER TO SHOW CAUSE</u>

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a civil action on the form for filing a petition writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has neither paid a filing fee for this action nor filed a request to proceed in forma pauperis.

        Petitioner has failed to state a cognizable habeas corpus claim for relief in his petition. <u>See</u> Rule 2(c), Rules Governing § 2254 Cases. Although petitioner begins by stating "Denial of Right of Appeal," the petition is comprised of allegations against network television anchor Jim Scott. Petitioner alleges Jim Scott deceitfully extracted sexual favors from petitioner's future wife. Petitioner contends Scott's actions constitute rape and involuntary

////

////

////

1

slavery. Petitioner's allegations appear to be delusional.[1]

Petitioner also lists Dupree v. Lauer, Case No. 2:10-cv-3114 WBS JFM P, on the cover sheet of his petition. The court notes that Case No. 2:10-cv-3114 WBS JFM P[2] was dismissed based on petitioner's failure to demonstrate a basis for challenging his criminal conviction or sentence in a habeas action filed in this court. (Id., Dkt. No. 10 at 2.)

Moreover, in Case No. 2:10-cv-3114 WBS JFM P, the court also noted that petitioner's allegations were delusional, and ordered the Clerk of the Court to send a copy of that petition and the court's order to counsel for the plaintiff class in Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM. (Dupree v. Lauer, 2:10-cv-3114 WBS JFM P, Dkt. No. 5 at 1.) Inasmuch as the Coleman class counsel was recently notified of petitioner's filing, this court will not further notify Coleman class counsel.

Because petitioner has failed to specify any cognizable ground for habeas corpus relief in the instant petition, the petition will be dismissed. If, as petitioner alleges, an appeal from his sentence or his conviction is presently pending, amendment may be futile at this time; petitioner may not seek federal habeas corpus relief until he has exhausted state court remedies with respect to any federal claims. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).[3] Accordingly, petitioner will be ordered to show cause in writing why this action should not be dismissed without prejudice.

////

---

[1] Court records reflect that petitioner has recently filed several other actions containing similar allegations.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

[3] Any challenge to petitioner's conviction should be filed in the Fresno Division of this Court, as petitioner alleges that he was convicted in the Fresno County Superior Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed; and

2. Within twenty-one days from the date of this order, petitioner shall show cause in writing why this action should not be dismissed without prejudice.

DATED: March 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dupr0533.osc